GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSUR-
ANCE FUND, Petitioner, *v*. INDUSTRIAL COMMISSION OF
PUERTO RICO, ETC. AND HEIRS OF JUAN NAZARIO RÍOS,
Respondents; CENTRAL JUANITA, Employer.

No. 405.   Argued March 1, 1949.—Decided April 14, 1949.

*A. de Jesús Matos, M. Maldonado Pacheco,* and *Aída Casañas
Marengo* for petitioner.   *Herminio A. Concepción* and *Gil-
berto Concepción de Gracia,* for respondent heirs.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Central Juanita had a contract with Antonio Guarda-
rrama pursuant to which the latter hauled the sugar pro-
duced by the Central to the docks.   The trucks were loaded
by employees of the Central.   After the last truck was
loaded, the employees of the Central who had loaded it were
accustomed to boarding it to get to town.

Juan Nazario Ríos was employed by the Central to load
sugar on Guardarrama's trucks.   He worked on a shift from
6 a.m. to 2 p.m.   After he finished work on June 6, 1947, he
changed his clothes.   The last truck loaded by his shift was
parked inside the premises of the Central near the office
waiting for the necessary papers.

Nazario's foremen and his fellow-workmen boarded the
truck in order to go to town in accordance with the foregoing

custom. They had left room for themselves in the open truck while loading it. The truck started just as Nazario was trying to get into it. He slipped, fell to the ground, the truck ran over him and he was killed. We granted the petition of the Manager to review the order of the Industrial Commission granting compensation to his beneficiary.

Here the accident occurred on the employer's premises. However, in this case we need not rest our decision on that fact alone. See *Cordero, Mgr.* v. *Industrial Commission*, 61 P.R.R. 40. We have held that accidents which occur while employees are being transported to or from work in a conveyance furnished by the employer pursuant to an express or implied term of the contract of employment are compensable. *Cordero, Mgr.* v. *Industrial Commission*, 60 P.R.R. 851; see *Marcano* v. *Industrial Commission*, 63 P.R.R. 482. The same principle applies where there is tacit acquiescence on the part of the employer in the custom of riding in a sub-contractor's trucks. *Hunter* v. *Summerville*, 169 S.W.(2) 579 (Ark., 1943); *In re Jensen*, 178 P.(2) 897 (Wyo., 1947); *In re Donovan*, 104 N.E. 431 (Mass., 1914); Horovitz, Current Trends in Workmen's Compensation, pp. 677–79. Since the Commission found, on the basis of sufficient testimony, that a custom had been established with the acquiescence of the employer whereby employees of the Central who loaded Guardarrama's trucks returned to town on the last truck, an accident occurring as here in connection with such transportation is compensable.[1]

The Manager also contends that the accident was not compensable because Nazario allegedly violated § 5, par. 3 of Act No. 112, Laws of Puerto Rico, 1939, certain rules of Industrial Security promulgated by the Labor Department,

---

[1] We note that this case does not involve a regular transportation line which has no connection with the employer and which is permitted to wait within the employer's premises for his employees as prospective paying passengers. We need not stop to determine if we would treat that case differently.

and the Traffic Act. This contention was not made before the Commission, and the parties therefore had no opportunity to present testimony thereon. As it is raised for the first time on review here, we are unable to consider it.

The order of the Industrial Commission will be affirmed.